UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER EUBANKS,        :
                            :
            Petitioner      :
     vs.                    :   CIVIL NO. 1:CV-09-0905
                            :
T.R. SNIEZEK,               :   (Judge Caldwell)
                            :
            Respondent.     :

*MEMORANDUM*

The pro se petitioner, Christopher Eubanks, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while he was incarcerated at Schuylkill Federal Prison Camp, Minersville, Pennsylvania.[1] In August 2006, Petitioner pled guilty to a drug-trafficking offense in the United States District Court for the Northern District of Virginia and was sentenced to sixty-three months' imprisonment. This was later reduced in January of 2009 to fifty-one months upon a 18 U.S.C. § 3582(c)(2) motion filed in the sentencing court.

The instant 2241 petition challenges the sentencing calculation leading to the original sentence. After review of the parties' submissions, we conclude we lack jurisdiction to consider the motion.

---

[1] On December 7, 2009, Eubanks advised the court of his release from the prison camp and that all mail should be sent to PO Box 75, Lansing, Ohio. (Doc. 15). However, the Bureau of Prisons Inmate Locator reports Eubanks' current location as Community Corrections Center in Maryland. To further confuse matters, Eubanks reports that he can reached by phone at a Wheeling, West Virginia, address but is also accepting mail in Lansing. (Doc. 16).

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence, is by way of a motion filed under 28 U.S.C. § 2255. *In re Dorsainvil,* 119 F.3d 245, 249 (3d Cir. 1997). *See also United States v. Miller,* 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); *Snead v. Warden, F.C.I. Allenwood,* 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Motions for relief under § 2255 must be filed in the district court where the defendant was convicted and sentenced. *See* 28 U.S.C. § 2255(a) (motion must be filed in "the court which imposed the sentence").

As a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. *Strollo v. Alldredge,* 463 F.2d 1194, 1195 (3d Cir. 1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" *Gomez v. Miner,* No. 3:CV-06-1552, 2006 WL 2471586, at \*1 (M.D. Pa. Aug. 24, 2006) (quoting *Myers v. Booker,* 232 F.3d 902 (10th Cir. 2000)).

A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also United States v. Brooks,* 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must

-2-

be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States,* 307 F.3d 120 (3d Cir. 2002) (citing *Cradle v. United States,* 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle,* 290 F.3d at 538-39 (citing *Garris v. Lindsay,* 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle,* 290 F.3d at 539. If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante,* 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, Petitioner did file a 28 U.S.C. § 2255 motion in the sentencing court raising the same sentencing issues he presents here. On July 1, 2009, that court denied it as time-barred.[2] *United States v. Pruitt*, No. 5:06-CR-33 (N.D. W. Va.)(doc. 349). As noted above, the expiration of the statute of limitations does not make a section 2255 motion inadequate or ineffective. Nor has Petitioner presented any other reason why section 2255 would be inadequate or ineffective. We therefore lack jurisdiction to entertain the motion.

---

[2] As already noted, Eubanks obtained a sentence reduction from the sentencing court in January 2009, in connection with his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (*See* Doc. 6-2, Ex. 7). We observe that that reduction was based in part on a ground he raises in the instant motion.

-3-

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 25, 2010

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER EUBANKS, :
:
        Petitioner :
   vs. : CIVIL NO. 1:CV-09-0905
:
T.R. SNIEZEK, : (Judge Caldwell)
:
        Respondent. :

*O R D E R*

AND NOW, this 25th day of May, 2010, it is ordered that:

   1. The petition for writ of habeas corpus under 28 U.S.C. § 2241 (doc. 1) is dismissed for lack of jurisdiction.

   2. The Clerk of Court is directed to close this case.

                                  /s/William W. Caldwell
                                  William W. Caldwell
                                  United States District Judge